William R. Fix, W.S.B. #5-1908
**Fix Law Office**
P.O. Box 1459
Kealakekua, HI 96750
(307) 413-2718 Telephone
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| DARRELL BECK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. _____ |
| KODIAK BUILDING MATERIALS, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Darrell Beck, by and through counsel undersigned, and for his claims for relief against the Defendant, Kodiak Building Materials, LLC, states and alleges as follows:

### I. JURISDICTION AND VENUE

1. At all times material hereto, Plaintiff Darrell Beck was and is a citizen and resident of the State of Wyoming.

2. At all times material hereto, Defendant Kodiak Building Materials, LLC, was a Delaware corporation with its principal place of business in the State of Colorado.

3. Defendant KBM, LLC, owns, operates and/or controls 78 locations throughout the United States in the business of supplying building and construction materials.

4. At all times material hereto, Defendant Kodiak Building Materials, LLC, acted through its agents, employees, and/or representatives who, at such times, acted within the course and scope of their duties for said Defendant.

5. Defendant Kodiak Building Materials, LLC, (hereinafter sometimes referred to as "Defendant KBM") is vicariously liable under the doctrine of *respondeat superior* for the acts and omissions of its agents, employees, and/or representatives.

6. This Court has jurisdiction of this matter due to the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332 and the amount in controversy in excess of $75,000.00.

## II. FACTS

7. All prior allegations made in paragraphs 1 through 6 above are incorporated herein as if fully set forth here.

8. Upon information and belief, Defendant KBM employed an individual named Greg Cook at its lumber and hardware supply store located in Alpine, Lincoln County, Wyoming, as, *inter alia,* a forklift operator. During the scope and course of his employment with Defendant KBM, Cook delivered building materials to a jobsite where Plaintiff was working near Alpine, Wyoming, on October 31, 2022.

9. On October 31, 2022, Plaintiff Darrell Beck was seriously injured when Mr. Cook was operating a forklift and dropped a 35-foot, 5 ½-inch diameter beam weighing over 1,000 pounds from an elevated height onto Plaintiff's left leg and foot. Plaintiff was knocked to the ground and then sought immediate treatment at the emergency room at the Alpine Clinic.

10. Plaintiff felt the immediate onset of excruciating pain in his left lower extremity.

11. It was later determined that Plaintiff had suffered a severe crushing injury to his left lower leg.

12. Because of his continued leg, ankle and foot pain, Plaintiff sought additional treatment from other orthopedic surgeons in Jackson Hole specializing in lower extremity injuries, where Plaintiff was advised that due to the severity of his injuries, his left foot may require amputation.

13. As a direct and proximate result of the negligent and grossly negligent actions and omissions of Defendant, and that of its employee(s), Plaintiff Darrell Beck has sustained severe and permanent physical injuries.

14. As a direct and proximate result of Defendant's negligence and gross negligence, Plaintiff will require future medical procedures, including additional physical therapy, surgical intervention, and possible amputation of his left foot.

15. As a direct and proximate result of Defendant's negligence and gross negligence, Plaintiff suffers on a daily basis from pain, weakness, and limited range of motion of his left leg, such that Plaintiff is no longer able to perform the necessary duties of his job as a carpenter due to the nature and extent of his injuries.

### III. NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT

16. All prior allegations made in paragraphs 1 through 15 above are incorporated herein as if fully set forth here.

17. Defendant KBM and its employees and representatives owed duties of reasonable care to Plaintiff. Defendant KBM and its employees and representatives breached their duties of reasonable care when the Plaintiff was injured as a proximate

result of the negligent and grossly negligent actions and omissions of Defendant and its employee(s).

18. The Defendant's acts and omissions constituted negligence and gross negligence, and such negligence and gross negligence includes, but is by no means limited to, the following:

    A. Defendant failed to provide Plaintiff safe working conditions;

    B. Defendant failed to provide and require proper and safe work protocols for its employees;

    C. Defendant failed to warn Plaintiff of the dangerous and hazardous conditions of which Defendant had actual and/or constructive knowledge;

    D. Defendant failed to give adequate and comprehensible warnings to Plaintiff of the dangerous and hazardous conditions of which Defendant had actual and/or constructive knowledge;

    E. Defendant failed to properly and adequately train and supervise its employee(s);

    F. Defendant failed to eliminate dangers and hazards while delivering materials to the job site where Plaintiff's injuries occurred, of which Defendant was aware or should have been aware;

    G. Defendant knew or should have known that its employee(s) did not have the proper training and certifications for operating a forklift, as required by the State of Wyoming;

    H. Defendant failed to comply with the requirements of lapplicable statutes and ordinances;

    I. Defendant failed to exercise due care; and

    J. Defendant was otherwise negligent and grossly negligent.

19. Each of the aforesaid acts and omissions were a direct and proximate cause of Plaintiff Darrell Beck's injuries and damages which are more specifically set forth in that section of this Complaint entitled "Damages."

## IV. DAMAGES

20. Plaintiff realleges and reincorporates all prior allegations made in paragraphs 1 through 19 above are incorporated herein as if fully set forth here.

21. The damages which Plaintiff Darrell Beck suffered as a direct and proximate result of the acts, omissions and negligence and gross negligence of Defendant and its employee(s) and for which the Defendant is liable to Plaintiff include, but are not limited to, the following:

   A. Medical expenses incurred in the past in an amount to be proved at trial, but which exceed the minimum jurisdictional amount of this Court;

   B. Medical expenses which will be incurred prior to trial and which can reasonably be expected to arise in the future in an amount to be determined at trial;

   B. Past and future pain, suffering, disfigurement, scarring, emotional distress and loss of use of his left foot, ankle and leg in an amount to be proved at trial;

   C. Loss of earning capacity;

   E. Loss of enjoyment of life, and other general damages past and future in an amount to be proved at trial; and

   F. Mental anguish, depression and anxiety both in the past and reasonably anticipated in the future.

22. These damages exceed the inherent jurisdictional requirement of this Court.

## V. PUNITIVE DAMAGES

23. Plaintiff realleges each and every allegation contained in paragraphs 1 through 22 hereof, inclusive, as if specifically set forth in this paragraph.

24. The acts and omissions of the Defendant and its employee(s) above stated were so gross in nature that they constituted willful and/or wanton misconduct, and/or malicious, willful and/or wanton acts or omissions which were committed in reckless disregard for the welfare of the Plaintiff. These acts or omissions are such a departure from the ordinary standard of care that this Defendant is liable to Plaintiff Darrell Beck for the damages more specifically alleged above and for punitive and exemplary damages. Exemplary and punitive damages should be awarded to Plaintiff in this matter in an amount sufficient to punish the Defendant, to make an example of it and to deter future conduct of the same type. The amount of said punitive damages shall be proven at trial.

WHEREFORE, Plaintiff Darrell Beck prays for judgment against Defendant Kodiak Building Materials, LLC, in an amount to be proved at trial, for compensation, for punitive damages, and for the costs of this action and for such other relief as this Court deems equitable and proper.

DATED this 12th day of February, 2024.

/s/ William R. Fix
William R. Fix, W.S.B. #5-1908
Fix Law Office
P.O. Box 1459
Kealakekua, HI 96750
(307) 413-2718 Telephone
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
*Attorney for Plaintiff*